FILED
United States Court of Appeals
Tenth Circuit

December 21, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

RYAN TYLER MERRILL,

    Plaintiff - Appellee,

v.

GREG FELL,

    Defendant - Appellant,

and

JONATHAN SEAGRAVES; CITY OF
BROKEN ARROW; BRANDON
BERRYHILL,

    Defendants.

No. 23-7018
(D.C. No. 6:22-CV-00007-RAW-GLJ)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Broken Arrow, Oklahoma Police Officer Greg Fell appeals the district court's

order denying his motion to dismiss on the grounds of qualified immunity. We

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reverse and remand the case to the district court with instructions to grant Officer Fell's motion to dismiss.

## BACKGROUND

Ryan Tyler Merrill alleged the following facts in his amended complaint. On December 3, 2020, he was driving through Broken Arrow when he was pulled over by Officer Jonathan Seagraves for an expired tag. Officer Seagraves was not wearing a mask when he approached the vehicle. Concerned with the high level of COVID-19, Mr. Merrill only partially rolled down his window to pass his license and insurance verification to Officer Seagraves. Officer Seagraves went to his vehicle, prepared a citation, and returned to Mr. Merrill's car. Because the window was still only partially rolled down, Officer Seagraves demanded that Mr. Merrill fully roll down the window so he could hand him the citation. However, Mr. Merrill declined, and "told him that he was not comfortable doing that and that his window was far enough down to pass the ticket and license through to him and for him to sign the . . . citation." Aplt. App. at 10. Officer Seagraves returned to his vehicle without giving any further instructions.[1]

Mr. Merrill alleged that "[a]fter waiting [at the scene] for several more minutes," he left and drove to his stepbrother's house. *Id*. Officer Seagraves followed Mr. Merrill. During the drive, Officer Seagraves was joined by other

---

[1] It is unclear whether Officer Seagraves attempted to pass the citation through the partially open window or whether Mr. Merrill signed the citation before Officer Seagraves returned to his vehicle.

Broken Arrow police officers, including Officer Fell. According to Mr. Merrill, when he arrived at the house, he "got out of his car and ran up on a porch where he had been working." *Id.* He turned to face Officers Seagraves and Fell, who were moving towards the porch with their firearms pointed at him. Mr. Merrill "held his hands up in the air with his telephone in his right hand," *id.*, and stated "My hands are in the air! Help me, please someone help me! Please don't kill me! Please don't kill me," *id.* at 11 (internal quotation marks omitted). He alleged that he had no weapon and did not act in an aggressive manner.

"With [his] hands in the air and pleading not to be shot, [Officer] Seagraves drew out his Taser and from a distance of several feet, without warning, shot [Mr.] Merrill in the chest." *Id.* The shot to the chest incapacitated Mr. Merrill and caused him to fall "face down on the porch." *Id.* Then, once again "*[w]ithout warning* [Officer] Seagraves . . . shot [Mr.] Merrill a second time with a Taser point blank in the back." *Id.* (emphasis added). According to Mr. Merrill, Officer Fell "[o]bserv[ed] [Officer Seagraves] continue to point his taser at [Mr. Merrill's back] for longer than 15 seconds," but failed to intervene to prevent the second shot. *Id.* at 12.

Officer Fell moved to dismiss the amended complaint on the grounds of qualified immunity. The matter was referred to a magistrate judge who issued a report and recommendation to deny the motion because Mr. Merrill pled a plausible claim for a violation of a constitutional right and the right was clearly established at

the time of the incident.  Officer Fell objected.  The district court overruled the objections and affirmed the report and recommendation.  Officer Fell appeals.

## JURISDICTION/STANDARD OF REVIEW

"[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

We review de novo the district court's denial of a motion to dismiss on the grounds of qualified immunity pursuant to Federal Rule of Civil Procedure 12(b)(6). *Hemry v.* Ross, 62 F.4th 1248, 1253 (10th Cir. 2023).  At the motion to dismiss stage, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness." *Id.* (internal quotation marks omitted).  "In reviewing a motion to dismiss, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011) (ellipses and internal quotation marks omitted).  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

## LEGAL FRAMEWORK

### *Qualified Immunity*

"When a defendant claims qualified immunity, the plaintiff must show (1) the defendant violated his constitutional rights; and (2) the law was clearly established at

4

the time of the alleged violation." *Hemry*, 62 F.4th at 1253 (internal quotation marks omitted). *See also Robbins*, 519 F.3d at 1249 (explaining that to state a claim for relief that is plausible on its face and overcome the defense of qualified immunity, "plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights and that those rights were clearly established at the time"). "If the plaintiff fails to satisfy either prong of qualified immunity, his suit fails. Accordingly, we have discretion to decide the order in which these two prongs should be addressed, and need not address both." *Hemry*, 62 F.4th at 1253 (internal quotation marks omitted).

### Constitutional Violation

Mr. Merrill's theory of recovery against Officer Fell is not for an excessive use of force; rather, he alleges that Officer Fell failed to intervene to prevent Officer Seagraves's use of excessive force when he fired the second taser shot. "The Tenth Circuit has recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Bledsoe v. Carreno*, 53 F.4th 589, 616 (10th Cir. 2022) (internal quotation marks omitted). To be liable for failure to intervene, "[i]t is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983." *Mascorro v. Billings*, 656 F.3d 1198, 1204 n.5 (10th Cir. 2011). "Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Id*. *See also Fogarty*

5

*v. Gallegos*, 523 F.3d 1147, 1163 (10th Cir. 2008) (holding that, if an officer was "present . . . with an opportunity to prevent the excessive use of force, he would have had a duty to intervene").

To state a constitutional violation for failure to intervene, a plaintiff must allege "that 1) a government officer violated his constitutional rights, 2) a different government actor (the defendant) observed or had reasons to know about that constitutional violation, and 3) the defendant had a realistic opportunity to intervene, but failed to do so." *Bledsoe*, 53 F.4th at 616.

### Clearly Established Law

"Clearly established means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful.  In other words, existing law must have placed the constitutionality of the officer's conduct beyond debate." *Hemry*, 62 F.4th at 1253.

## DISCUSSION

Assuming for the sake of argument that Officer Seagraves used excessive force when he fired the second taser shot, the amended complaint fails to plausibly plead a claim against Officer Fell for failure to intervene because it indicates the second shot came without any warning.  In other words, the factual assertions in the amended complaint do not plausibly suggest that Officer Fell had a realistic opportunity to intervene.

Whether an officer had a realistic opportunity to intervene often turns on the length of the attack and the position one is in to observe and intervene in the attack.

6

*See, e.g., Fogarty*, 523 F.3d at 1164 (affirming the district court's denial of qualified immunity on a failure to intervene claim because the defendant was present during the allegedly unconstitutional arrest, which lasted "between three and five minutes"); *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) (holding that the defendant officer had no duty to intervene when "three blows were struck in such rapid succession that [the defendant] had no realistic opportunity to attempt to prevent them").

Here, the amended complaint pleads that Officer Seagraves pointed his taser at Mr. Merrill's back for at least 15 seconds before firing the second shot *without any warning*. But simply pointing the taser at Mr. Merrill's back did not necessarily put Officer Fell on notice that Officer Seagraves intended to fire it as he did. Because the amended complaint alleges the excessive force (the second shot) occurred without any warning, it fails to plausibly plead that Officer Fell had any realistic chance to intervene.

Having found the amended complaint did not plausibly plead a constitutional violation by Officer Fell, we need not address whether the law was clearly established.

**CONCLUSION**

The judgment of the district court is reversed and the case is remanded with instructions to grant Officer Fell's motion to dismiss on the grounds of qualified immunity.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge